No. 2--05--0586                                   filed: 8/23/06

_____

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 04--CF--4355 |
| VICTOR A. MATTIS, | ) ) ) | Honorable Theodore S. Potkonjak, |
| Defendant-Appellee. | ) | Judge, Presiding. |

_____

_____

JUSTICE KAPALA delivered the opinion of the court:

A Lake County grand jury indicted defendant, Victor A. Mattis, for possession of cannabis with the intent to deliver (720 ILCS 550/5(d) (West 2004)) and possession of cannabis (720 ILCS 550/4(d) (West 2004)). The trial court dismissed the indictment on the ground that the prosecutor presented misleading evidence to the grand jury. The State appeals, arguing that the prosecutor's conduct did not warrant the harsh sanction of dismissal. We reverse and remand.

On September 16, 2004, North Chicago officer Corey Marquardt investigated a complaint of a man selling marijuana in the backyard of 1538 Victoria Street. Marquardt eventually arrested defendant and prepared a report detailing these events. The prosecutor who presented the case to the grand jury referred to Marquardt's report.

However, Marquardt did not testify. The only witness was Marquardt's supervisor, George McClary. His testimony consisted primarily of one-word answers to the prosecutor's leading questions about what Marquardt reported.

Defendant moved to dismiss the indictment, contending that the prosecutor presented the grand jury with perjured evidence. Defendant referred to several inconsistencies between Marquardt's report and McClary's testimony. Specifically, defendant noted the following:

- McClary testified that Marquardt heard about the crime from a "confidential informant" while Marquardt reported having talked to "a man."

- McClary testified that Marquardt was told the man selling drugs was Victor Mattis while Marquardt's report referred only to "a Jamaican black male."

- McClary testified that drugs were being sold out of an apartment while Marquardt reported that drugs were being sold in a backyard.

- Both officers referred to two bags of marijuana. However, McClary testified that the smaller bag was found first and was thrown down by defendant and recovered by Marquardt, while the second, larger bag was found behind a door. Marquardt's report, however, stated that the larger bag was found first and was recovered from defendant's pocket. The second, smaller bag was thrown to the ground and recovered there.

- McClary testified that defendant admitted the marijuana belonged to him and was for his own personal use while Marquardt reported no such admission.

In addition, defendant noted that McClary testified that the larger bag weighed 107 grams while a laboratory report, available at the time of the grand jury proceedings, showed that the bag actually weighed 87.3 grams. Defendant also complained that McClary, in response to the prosecutor's question, testified that cannabis is "generally sold in 1 gram increments." Defendant argued that one gram was an unrealistically small amount to purchase.

Defendant also contended that the assistant State's Attorney became a witness before the grand jury. One of the jurors asked how to convert 107 grams to the English system. The prosecutor replied as follows:

"To be honest I will say that I believe we're not going to answer that here. I think we can probably answer that for you later. I think based upon the information that you received from Officer McClary there's probably enough for you to decide. But if that's something you'd like us to look into, I'm sure we can do that for you. Any other questions?"

The trial court granted defendant's motion and dismissed the indictment without prejudice. The court found that the problems defendant complained of were the result of sloppiness rather than intentional misconduct. Nevertheless, the court concluded that the prosecutor presented misleading evidence to the grand jury, which evidence may have influenced its decision to indict.

The State moved to reconsider. The prosecutor contended that many of the discrepancies in the evidence that defendant noted were essentially matters of semantics. The prosecutor argued, for example, that there was not much difference between calling someone a "man" and a "confidential informant." Moreover, the prosecutor told the court

that Marquardt assured him that defendant did admit owning the marijuana, but that Marquardt had left this fact out of his report. The trial court denied the motion to reconsider and the State timely appeals.

Initially, we conclude that we have jurisdiction of this appeal. Although the parties do not question our jurisdiction, we have an independent obligation to consider our jurisdiction. Ferguson v. Riverside Medical Center, 111 Ill. 2d 436, 440 (1985). In a civil case, an order dismissing a complaint without prejudice is not appealable. Paul H. Schwendener, Inc. v. Jupiter Electric Co., 358 Ill. App. 3d 65, 73 (2005). However, the State may appeal an order dismissing an indictment for prosecutorial misconduct (People v. Marbly, 85 Ill. App. 3d 935, 937 (1980)), even if the dismissal is without prejudice. People v. Harris, 68 Ill. App. 3d 12, 15-16 (1979). Therefore, we have jurisdiction of the appeal.

Challenges to grand jury proceedings are limited. In general, a defendant may not challenge the validity of an indictment returned by a legally constituted grand jury. People v. DiVincenzo, 183 Ill. 2d 239, 255 (1998); People v. Rodgers, 92 Ill. 2d 283, 287 (1982). A defendant may, however, challenge an indictment that is procured through prosecutorial misconduct. DiVincenzo, 183 Ill. 2d at 255. Prosecutorial misconduct does not per se warrant dismissing an indictment. DiVincenzo, 183 Ill. 2d at 256. However, the presentation of deceptive or inaccurate evidence may violate a defendant's due process rights, justifying dismissal if the defendant can show that the misconduct affected the grand jury's deliberations. DiVincenzo, 183 Ill. 2d at 257; People v. J.H., 136 Ill. 2d 1, 12-13 (1990).

Generally, abuse of discretion is the appropriate standard for reviewing a trial court's ultimate ruling on a motion to dismiss charges. People v. Brener, 357 Ill. App. 3d 868, 870

(2005). However, because the essential facts concerning what happened at the grand jury proceedings are undisputed, we review <u>de novo</u> whether defendant suffered a prejudicial denial of due process that could warrant dismissal. <u>People v. Campos</u>, 349 Ill. App. 3d 172, 175 (2004).[1]

_____

[1]We have found no case specifically discussing the standard of review of an order dismissing an indictment for prosecutorial misconduct. Indeed, such cases are virtually nonexistent. However, the standard for reviewing dismissals on the grounds listed in section 114--1 of the Code of Criminal Procedure of 1963 (725 ILCS 5/114--1 (West 2004)) should apply. Although prosecutorial misconduct is not specifically listed in section 114--1 as a ground for dismissing an indictment, <u>People v. Lawson</u>, 67 Ill. 2d 449, 455-56 (1977), which explicitly held that a court has inherent power to dismiss an indictment for a due process violation, referenced section 114--1. <u>Lawson</u> noted that the grounds listed in section 114--1 are not exclusive and thus implied that the dismissal of an indictment is

accomplished pursuant to that section even if the ground is not specifically listed therein.

We conclude that the State's conduct was not so egregious as to warrant the extreme sanction of dismissing the indictment (albeit without prejudice). Clearly, McClary had little personal knowledge of the facts surrounding defendant's investigation and arrest and merely agreed with the prosecutor's characterization of Marquardt's report. It might have been preferable to have an officer who actually participated in the investigation testify before the grand jury, but defendant does not contend that this fact alone deprived him of due process. See People v. Fassler, 153 Ill. 2d 49, 60 (1992) (otherwise valid indictment may not be challenged on the basis of the character of the evidence the grand jury considered); People v. Pulgar, 323 Ill. App. 3d 1001, 1010 (2001) (hearsay testimony before grand jury did not invalidate indictment). Instead, defendant points to several discrepancies between Marquardt's report and McClary's testimony to argue that the State presented deceptive or inaccurate evidence that induced the grand jury to find probable cause. We disagree.

Many of the discrepancies defendant identifies are relatively minor details that could not have affected the grand jury's determination of probable cause. For example, McClary testified that the smaller bag of marijuana was found first, whereas Marquardt's report states that he found the larger bag first. It is likely that the prosecutor, having read the report some time earlier, was merely confused on this point. Surely, however, defendant does not contend that the grand jury would have refused to indict had it been correctly informed that the larger bag was the first one found. See Sanders v. United States, 550 A.2d 343, 345 (D.C. App. 1988) (false grand jury testimony did not warrant dismissing indictment where truthful answer would not have substantially influenced grand jury's decision).

Other discrepancies are, as the State contends, merely matters of semantics. In the report, Marquardt testified that he heard about defendant's criminal activity from "a man," while the prosecutor's question referred to a "confidential informant." It is clear that someone can be both a man and a confidential informant. A male, not identified in the report or testimony, who provides information is both a "confidential informant" and a "man."

The most significant discrepancy between the police report and the live testimony is defendant's admission that the marijuana was his. This "fact" was included in the latter but omitted from the former. The trial prosecutor assured the trial court that Marquardt had told him that defendant made the statement, but that Marquardt had not included this fact in his report. While we recognize that the prosecutor's statement was not evidence, the point is that defendant cannot show on this record that McClary's grand-jury testimony on this point was deceptive or inaccurate. On this limited record, it appears that McClary's testimony that defendant admitted owning the marijuana was true and that the omission of this fact from the report was a mistake. Of course, defendant may explore this point on cross-examination if the case goes to trial.

Another potentially significant flaw in the grand-jury evidence was the discrepancy in the weight of the marijuana. McClarly agreed with the prosecutor that the total weight of the cannabis was 107 grams, whereas a laboratory report, available at the time, showed that it weighed only 87.3 grams. While this discrepancy arguably makes defendant's conduct seem more serious, the added weight did not increase the degree of the offenses with which defendant was charged. See 720 ILCS 550/4(d), 5(d) (West 2004). Thus, the relatively small discrepancy did not materially prejudice defendant.

The parties have not cited, and our research has not uncovered, an Illinois case factually similar to this one. Both parties discuss Commonwealth v. Baker, 11 S.W.3d 585 (Ky. App. 2000). There, a mother was charged with abuse for beating her daughters. As in this case, the arresting officer prepared a report, but a different officer, Goff, testified before the grand jury. Goff admitted that he knew little about the case and relied on the prosecutor to provide relevant information through his questioning. Testifying in this manner, Goff stated that the defendant had beaten her daughters with an aluminum baseball bat. The defendant moved to dismiss the indictment, alleging that, although numerous items were removed from her home pursuant to a search warrant, a baseball bat was not among them. The trial court dismissed the indictment with prejudice. The appellate court agreed that the indictment was properly dismissed, but held that the dismissal should have been without prejudice. Baker, 11 S.W.3d at 590.

Baker, while factually similar, is distinguishable because the inaccurate grand-jury testimony was much more significant than that under consideration here. Beating someone with an aluminum baseball bat is more serious than beating someone with fists, or even a "wooden stick" or "club," as was alleged in Baker at various times. The error there had the potential to alter the fundamental nature of the crime with which the defendant was charged and could have affected the grand jury's decision to indict. Here, as noted, any inaccurate information presented to the grand jury related to relatively minor details and would not have altered the nature of the crimes with which defendant was charged.

Defendant also contends that the prosecutor improperly became a witness before the grand jury based on his response to the question about converting metric weights to the English system. Defendant's precise contention is difficult to ascertain, given that the

prosecutor declined to answer the question. Defendant apparently objects to the statement, "I think based upon the information that you received from Officer McClary there's probably enough for you to decide." This is clearly a statement of opinion, not a factual assertion. The prosecutor is supposed to advise the grand jury on the pertinent law. DiVincenzo, 183 Ill. 2d at 254. Defendant cites no authority for the proposition that a prosecutor may not express his opinion that he has presented sufficient evidence to secure an indictment.

The judgment of the circuit court of Lake County is reversed, and the cause is remanded.

Reversed and remanded.

BOWMAN and O'MALLEY, JJ., concur.