No. 2--08--0314     Filed: 1-20-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 07--CF--2444 |
| BRANDON R. HOLMES, | ) ) ) | Honorable Theodore S. Potkonjak, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Brandon R. Holmes, appeals his conviction of possession of a controlled substance with intent to deliver more than one gram but less than five grams of a substance containing cocaine (720 ILCS 570/401(c)(2) (West 2006)).  On appeal, he argues that he was denied effective assistance of counsel because defense counsel failed to: (1) move to dismiss the indictment; and (2) properly object to the State's use of dog-tracking evidence.  We affirm.

I. Facts

We will relate only the evidence necessary for the purposes of this appeal.

During the jury trial, Waukegan police officer Andrew Valko testified that, on July 3, 2007, he was patrolling the Whispering Oaks apartment complex, which was a high-crime neighborhood.  Valko was in a police car; two other Waukegan police officers, Jacob Novak and Drew Summers, were patrolling the neighborhood on foot.  Defendant walked toward Valko's squad car, saw Valko,

and turned and walked "back in another direction from where he was coming from [sic]." Valko drove closer to defendant, and defendant saw Valko several times when defendant looked over his shoulder as he continued to walk for about 30 seconds. When defendant was about 50 feet away from Valko, Valko stopped his car and started to get out. Defendant looked back at Valko and ran parallel to the road that surrounded the apartment complex. Valko testified that he found defendant's actions suspicious but not illegal. Valko did not speak with defendant at this time. As defendant ran, Valko used his radio to advise dispatch that he was in foot pursuit. Valko, along with Novak and Summers, chased defendant. Valko yelled, "Police, stop, get on the ground."

Valko testified that defendant fell three times as he was being chased. During his second fall, defendant tossed several "shiny objects" toward an apartment building. Valko did not see the objects fall to the ground. Valko caught up with defendant when he fell for the third time. Valko found a clear plastic baggie containing green, plant-like material "right in front of" the patio of apartment 107, about 5 to 10 feet from where defendant fell the second time.

Valko testified that he called for a canine unit to conduct an "article search." When the dog arrived, the dog immediately "indicated," i.e., pulled his handler, Waukegan police officer Dave Mahoney, in the direction of the patio. The trial court denied defense counsel's hearsay objection. Valko testified that Mahoney found another clear plastic baggie containing green, plant-like material on a grill that was on the patio. Valko searched the patio and found on a table a clear plastic baggie containing individually-wrapped, white, rock-like substances. According to Valko, the patio was "in the same proximity as the defendant was throwing [the] objects." Later, at the police station, Valko gave the three baggies to James Kirby, an evidence technician. Valko found $244.72 on defendant's person.

Mahoney testified that, on the night of the incident, he was sent to the Whispering Oaks apartment complex for an article search with a dog. He arrived five minutes after being dispatched. Mahoney's training included canine training classes. Valko told Mahoney that he had already found a bag of cannabis and that defendant had tossed something.

Mahoney testified that he conducts an "article search" by allowing his dog to pick up the scent of any article that has been touched by a suspect. On this occasion, when his dog made a "sharp turn," he knew the dog was "picking up on something." When the dog "tapped" and lay down in front of something, that "indicated" that he had found an "article." Defense counsel objected to this testimony as improper hearsay; the trial court overruled the objection. Mahoney testified that "indicate" is "like a dig indication or a bark indication." Mahoney testified that his dog relied on the sense of smell. Mahoney also testified that his dog was trained in narcotics.

Mahoney testified that, on the night of the incident, his dog searched on the grass for about five minutes and then "pulled" to the porch area, where he sniffed and studied the area and tried to jump over the railing of the porch area. Mahoney then saw a bag of green plant material lying on top of a grill on the porch, about three feet from the railing. Valko picked up the bag. The dog did not indicate further. Valko continued to search the porch area, where he found other suspected narcotics on a table on the porch.

At the end of Mahoney's testimony defense counsel objected on the basis of lack of foundation, and the trial court overruled the objection as untimely. Defense counsel then presented the trial court with People v. Cruz, 162 Ill. 2d 314 (1994), to support his objections, and the trial court reserved its ruling. The following day, the trial court heard argument concerning the objections to Mahoney's testimony. The trial court overruled the objections, agreeing with the State that the

testimony regarding the dog's activities merely corroborated Mahoney's and Valko's testimony, which sufficiently distinguished this case from Cruz. The trial court also explained that the dog was brought in to aid in the search because the area was dark. The trial court also found that the drugs were in plain sight. The court added that the foundation for Mahoney's testimony was sufficient because Mahoney testified that "the dog was trained not only in narcotics but also scent detections, but there's no testimony that he - that he picked up the scent specifically of the defendant or anything along those lines." The court concluded that the "bottom line" was that the objection regarding foundation was untimely and that Mahoney's testimony was not hearsay.

## II. Analysis

On appeal, defendant argues that he was denied effective assistance of counsel because defense counsel failed to: (a) move to dismiss the indictment; and (b) properly object to the State's use of dog-tracking evidence.

The right to effective assistance of counsel is guaranteed by both the United States and Illinois Constitutions. U.S. Const., amends. VI, XIV; Ill. Const. 1970, art. I, §8; Glasser v. United States, 315 U.S. 60, 75-76, 86 L. Ed. 680, 702, 62 S. Ct. 457, 467 (1942). The two-prong test for evaluating posttrial claims of ineffective assistance of counsel is set out in Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). Establishing ineffective assistance requires a showing that: (1) counsel's performance was deficient or fell below an objective standard of reasonableness; and (2) defendant suffered prejudice as a result of counsel's deficient performance. Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. Failure to establish either prong is fatal to a defendant's claim. Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064.

### A. Failure to Move to Dismiss the Indictment

Defendant argues that defense counsel was ineffective because he failed to move to dismiss the indictment. Defendant contends that he was denied due process when the prosecutor misled the grand jury by presenting the false testimony of police officer Hall during the grand jury proceeding. Defendant argues that Hall had no personal knowledge of the events to which he testified and that his testimony was hearsay. Defendant further contends that Hall's testimony prejudiced him because the grand jury would not have indicted absent this testimony, since it was the only evidence presented during the grand jury proceeding. In contrast, the State argues that Hall's testimony was not false and that, even if it was false, defendant cannot establish prejudice because the grand jury would have indicted defendant without the alleged false testimony.

The issue is whether there is a reasonable probability that the trial court would have granted a motion to dismiss the indictment had defense counsel filed such a motion. See People v. Patterson, 217 Ill. 2d 407, 438 (2005). The failure to file a motion does not establish deficient representation when the motion would have been futile. Patterson, 217 Ill. 2d at 438.

A trial court may dismiss an indictment if the defendant establishes that he has suffered a prejudicial denial of due process. People v. Oliver, 368 Ill. App. 3d 690, 694 (2006). However, the defendant must establish that the denial of due process is "unequivocally clear" and that the prejudice is "actual and substantial." Oliver, 368 Ill. App. 3d at 695. "The due process rights of a defendant may be violated if the prosecutor deliberately or intentionally misleads the grand jury, uses known perjured or false testimony, or presents other deceptive or inaccurate evidence." People v. DiVincenzo, 183 Ill. 2d 239, 257 (1998).

Defendant's main contention is that Hall's grand jury testimony was false and misleading because it was hearsay, leading "the [grand] jury to believe that he was present when [defendant] was

-5-

arrested, but that was not true." Defendant argues that this main falsehood led the grand jury to believe many aspects of Hall's testimony that differed from Valko's testimony provided on a motion to suppress and during trial.

However, the fact that testimony before a grand jury is hearsay does not invalidate an indictment. See People v. Mattis, 367 Ill. App. 3d 432, 436 (2006). The State has no obligation to inform a grand jury that a witness's testimony constitutes hearsay. See People v. Pulgar, 323 Ill. App. 3d 1001, 1010 (2001). The hearsay nature of testimony does not affect the validity of an indictment returned against a defendant. See Pulgar, 323 Ill. App. 3d 1010. Rather, a defendant must establish that the testimony was so deceptive or inaccurate that it affected the grand jury's deliberations. DiVincenzo, 183 Ill. 2d at 257.

Defendant cites Oliver, 368 Ill. App. 3d 690, to support his argument. However, Oliver differs from the case at bar because, in Oliver, the grand jury witness, a police officer, clearly committed perjury by testifying that he himself observed the events in question when, in fact, the police officer's testimony was based on another police officer's report and not his personal knowledge. Oliver, 368 Ill. App. 3d 694, 695. In contrast, in this case, Hall did not tell the grand jury that he was present at the scene or observed the events in question; rather, he told the jury that he was "familiar with the events that occurred [on the morning in question] involving Officer Valko*** and other members of the Waukegan PD." There is nothing in the record to suggest that this testimony was false. Thus, Oliver is distinguishable from the case at bar.

Further, many of the discrepancies defendant identifies are relatively minor details that could not have affected the grand jury's deliberations or determination of probable cause. Defendant raises the following discrepancies: Hall told the grand jury that Valko was on foot patrol when Valko first

saw defendant and that defendant tripped and then threw a bunch of "baggies" to the ground. Defendant points out that, in contrast, Valko testified that he was on patrol in his car when he first saw defendant and that defendant began to run, reached into his pocket, removed "shiny objects," and threw the shiny objects as he fell to the ground. (Emphasis added.) Defendant notes that, contrary to Hall's testimony, Valko did not testify that he saw a "bunch of baggies" or that anything was "thrown to the ground." Defendant also notes that Hall incorrectly testified that George Valko was the arresting officer when the officer's first name was actually Andrew.

Surely, defendant does not contend that the grand jury would have refused to indict had it correctly been informed that Valko was actually in his squad car rather than on foot patrol when he first encountered defendant, that defendant threw shiny objects as he fell to the ground rather than that he threw a bunch of baggies to the ground, or that Valko's first name is Andrew rather than George. We believe that these discrepancies were immaterial and not prejudicial. See Mattis, 367 Ill. App. 3d at 437 (false grand jury testimony did not warrant dismissing indictment where truthful answer would not have substantially influenced grand jury's decision). Further, Hall's testimony using the word "baggies" was not false. Valko testified during the hearing on the motion to suppress that the shiny objects appeared to be in "baggie-type" material.

The most significant discrepancy defendant raises is Hall's testimony regarding the weight of the cocaine. Hall testified that the cocaine weighed approximately 4.7 grams, but the forensic chemist at trial testified that the 5 rocks tested of the 10 rocks recovered at the scene weighed only a total of 1.35 grams and the parties agreed that the likely weight of all 10 rocks was approximately 2.7 grams. While this discrepancy arguably made defendant's conduct seem more serious to the grand jury, the difference in weight did not affect the degree of the offense with which defendant was

charged and of which he was ultimately convicted. See 720 ILCS 570/401(c)(2) (West 2006) (possession of a controlled substance with intent to deliver more than one gram but less than five grams of a substance containing cocaine). Thus, the relatively small discrepancy did not prejudice defendant. See Mattis, 367 Ill. App. 3d at 437.

Defendant also challenges Hall's testimony that "those baggies" were recovered and contained 10 rocks of cocaine. The evidence at trial was that only five rocks were tested and that they all tested positive for cocaine. Regardless, we fail to see how this discrepancy prejudiced defendant. The parties agreed that the likely weight of the 10 rocks was approximately only 2.7 grams, thus implying that the parties conceded that all 10 rocks contained cocaine. If Hall had testified that only five rocks tested positive for cocaine, it would not have substantially influenced the grand jury's decision to find probable cause. See Mattis, 367 Ill. App. 3d at 437. Thus, defendant cannot establish prejudice.

Defendant also argues that the State failed to present sufficient evidence that defendant intended to deliver the cocaine. Generally, a defendant may not challenge the adequacy and sufficiency of the evidence underlying an indictment. People v. Hart, 338 Ill. App. 3d 983, 990 (2003). Otherwise, "before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury." Costello v. United States, 350 U.S. 359, 363, 100 L. Ed. 397, 402, 76 S. Ct. 406, 408 (1956). For this reason, "[a]n indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits." Costello, 350 U.S. at 363, 100 L. Ed. at 402-03, 76 S. Ct. at 409.

Our courts have determined that it is unnecessary to present evidence before the grand jury for each element of the offense charged in the indictment, as long as there is some evidence relative

to the charge and the indictment is valid on its face. People v. Young, 220 Ill. App. 3d 488, 493 (1991). Guilt or innocence is to be determined at trial. Young, 220 Ill. App. 3d at 493. When the sufficiency of an indictment has been challenged at trial, the standard of review is whether the indictment states the nature of the offense and adequately sets forth each element of that offense. Young, 220 Ill. App. 3d at 493.

In this case, defendant does not argue that the indictment fails to state the nature of the offense or to adequately set forth each element of the offense. Further, defendant has not established that he has suffered a prejudicial denial of due process. Thus, defendant has failed to establish that defense counsel's performance was deficient. See Patterson, 217 Ill. 2d at 438 (defense counsel's performance will not be deemed deficient for failure to file a futile motion). Further, because there is no reasonable probability that the motion would have been granted, defendant cannot establish a reasonable probability that, but for defense counsel's alleged unprofessional error, the result of the proceeding would have been different. Thus, his ineffective assistance of counsel argument fails. See Strickland, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

### B. Failure to Properly Object to Dog-Tracking Evidence

Next, defendant argues that defense counsel was ineffective by failing to properly object to evidence of the State's use of dog-tracking to discover the cocaine and connect defendant to the cocaine. Citing primarily to People v. Cruz, 162 Ill. 2d 314, 369-70 (1994) (holding that "bloodhound" evidence is inadmissible to establish any factual proposition in a criminal proceeding because is it unreliable), defendant contends that defense counsel's performance was deficient because (1) he objected on the wrong grounds; (2) the objections were untimely because the jury had already heard Valko's testimony; and (3) defense counsel should have filed a motion in limine to bar

the testimony of Valko and Mahoney that the dog tracked defendant's scent, which led to the discovery of cocaine and cannabis.

It is axiomatic that a defense counsel will not be deemed ineffective for failing to make a futile objection. See People v. Lawton, 212 Ill. 2d 285, 303 (2004). Similarly, defense counsel will not be deemed ineffective for failing to file a futile motion. See Patterson, 217 Ill. 2d at 438.

On appeal, defendant also cites People v. Lefler, 294 Ill. App. 3d 305 (1998).[1] In Lefler, the appellate court applied the prohibition of the admission of bloodhound evidence to the claim of ineffective assistance of counsel. Lefler, 294 Ill. App. 3d at 310-13. Regarding the first prong of Strickland (Strickland, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064), the court held that "a reasonably effective attorney would never have tolerated the admission of [bloodhound] evidence." Lefler, 294 Ill. App. 3d at 311. However, the court determined that defense counsel was not ineffective, because the defendant could not establish that, absent defense counsel's error, the outcome of the trial would have been different. Lefler, 294 Ill. App. 3d at 313.

In this case, the trial court considered defense counsel's objections after it considered Cruz. The trial court carefully analyzed the facts and distinguished them from Cruz before overruling defense counsel's objections. The trial court stated that (unlike in Cruz) there was "no testimony that [the dog] *** picked up the scent specifically of the defendant." Further, there was testimony that the dog was trained in narcotics. This indicates that the trial court believed that the dog was used to detect drugs rather than a human scent (the subject of both Lefler and Cruz). In addition, the trial

---

[1]Although defendant does not expressly state that defense counsel was deficient by failing to cite this case in the trial court, we will infer that defendant makes this argument in the context of his ineffective assistance of counsel argument.

court determined that the evidence was in plain sight and, further, that the dog corroborated Valko's and Mahoney's testimony; such evidence is permissible. See People v. Moore, 294 Ill. App. 3d 410, 416-17 (1998) (this court distinguished Cruz). Finally, the record reveals that the dog did not discover the rock cocaine.

Therefore, any timely objection would have been futile and a motion in limine would also have been futile. Thus, defendant has not established that defense counsel's conduct was deficient. Further, defendant has not shown a reasonable probability that the outcome of his trial would have been different had defense counsel objected differently or in a timely manner or if he had filed a motion in limine. Like in Lefler, "the core evidence in [the] case stood virtually unimpeached." Lefler, 294 Ill. App. 3d at 312. Therefore, defendant was not denied the effective assistance of counsel. See Strickland, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

HUTCHINSON and BURKE, JJ., concur.