No. 3–10–0237

Opinion filed February 9, 2011

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2011

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 09–CF–497 |
| DONALD H. SAMPSON, | ) ) | Honorable Clark E. Erickson, |
| Defendant-Appellee. | ) | Judge, Presiding. |

PRESIDING JUSTICE CARTER delivered the judgment of the court, with opinion.
Justice Schmidt concurs with the judgment and opinion.
Justice Holdridge specially concurs with the judgment and opinion.

**OPINION**

The defendant, Donald H. Sampson, was charged by indictment with two counts of aggravated battery (720 ILCS 5/12–4(b)(18) (West 2008)) and one count of resisting a correctional institution employee (720 ILCS 5/31–1(a), (a-7) (West 2008)). The defendant filed a motion to dismiss the indictment. At the evidentiary hearing, the circuit court found that the prosecutor engaged in misconduct during the grand jury proceedings and thereby violated the defendant's due process rights. Thus, the court granted the defendant's motion to dismiss the indictment. On appeal, the State argues that the court's decision was erroneous. We reverse and remand.

FACTS

The information and indictment in this case alleged that the defendant hit one correctional officer in the head with his fist, bit a second correctional officer on the hand, and wrestled and struggled with a third correctional officer, which caused injury. The only witness listed on the indictment was Todd Huntley of the Kankakee County sheriff's department.

The defendant filed a motion to dismiss the indictment, which alleged, *inter alia*, that the State presented deceptive and inaccurate testimony at the grand jury proceedings. The defendant claimed that the State violated his due process rights because: (1) the prosecutor did not identify Huntley as a detective; (2) the prosecutor concealed the hearsay nature of Huntley's testimony; and (3) Huntley contradicted himself with regard to which hand the defendant allegedly bit.

The transcript of Huntley's testimony to the grand jury revealed that the prosecutor told the grand jury that the defendant was "charged with three felonies. One is aggravated battery for striking a correctional officer, the other is aggravated battery for biting a correctional officer, and the other one is for resisting a correctional officer." The prosecutor did not make it known to the grand jury that Huntley was a detective with the Kankakee County sheriff's department or that Huntley lacked personal knowledge of the alleged incidents. The prosecutor asked Huntley a series of leading questions that elicited "yes" responses to all but one of the questions. In this manner, Huntley testified that during an altercation in prison, the defendant punched a correctional officer in the face; that incident was also on videotape. Further, the defendant bit the hand of another correctional officer. Huntley originally stated that the defendant bit the officer's right hand, but later stated that the bite occurred on the officer's left hand. Also, Huntley testified that a third correctional officer received a cut on his right hand while trying to subdue the

2

defendant.

At the evidentiary hearing on the defendant's motion, Huntley testified that he based his testimony before the grand jury on the statements of officers involved with the alleged incidents and a video of the alleged incidents.

The circuit court characterized the prosecutor's handling of the case before the grand jury as "sloppy." The court criticized the prosecutor's procedure of using leading questions to obtain mere "yes" responses from Huntley and the practice of presenting witnesses from multiple cases before allowing the grand jury to deliberate on multiple cases at once. Further, the court questioned the prosecutor's failures to identify Huntley to the grand jury and to disclose the hearsay nature of Huntley's testimony. After finding Huntley's testimony at the grand jury hearing to be unreliable, the court found that the State violated the defendant's due process rights at the grand jury proceedings. Accordingly, the court granted the defendant's motion. The State appealed.

ANALYSIS

On appeal, the State argues that the circuit court erred when it granted the defendant's motion to dismiss the indictment.

When the facts surrounding what occurred at the grand jury proceedings are undisputed, as they are here, the question of whether the State prejudicially denied the defendant due process is reviewed under the *de novo* standard. *People v. Mattis*, 367 Ill. App. 3d 432, 435-36 (2006).

> "The grand jury is an English institution, brought to this country by the early
>
> colonists and incorporated in the Constitution by the Founders. There is every
>
> reason to believe that our constitutional grand jury was intended to operate

3

substantially like its English progenitor. The basic purpose of the English grand jury was to provide a fair method for instituting criminal proceedings against persons believed to have committed crimes. Grand jurors were selected from the body of the people and their work was not hampered by rigid procedural or evidential rules. In fact, grand jurors could act on their own knowledge and were free to make their presentments or indictments on such information as they deemed satisfactory. Despite its broad power to institute criminal proceedings the grand jury grew in popular favor with the years. It acquired an independence in England free from control by the Crown or judges. Its adoption in our Constitution as the sole method for preferring charges in serious criminal cases shows the high place it held as an instrument of justice. And in this country as in England of old the grand jury has convened as a body of laymen, free from technical rules, acting in secret, pledged to indict no one because of prejudice and to free no one because of special favor." *Costello v. United States*, 350 U.S. 359, 362 (1956).

See also *Blair v. United States*, 250 U.S. 273, 279-83 (1919).

The grand jury determines whether probable cause exists that an individual has committed a crime. *People v. DiVincenzo*, 183 Ill. 2d 239, 254 (1998). The grand jury serves a dual function as an investigatory body and an intermediary between the people and the State (see 725 ILCS 5/112–4(b) (West 2008)), and its proceedings are conducted in secret (725 ILCS 5/112–6 (West 2008)). The prosecutor serves as an advisor to the grand jury and is tasked with informing the grand jury of the proposed criminal charges and the applicable law. 725 ILCS 5/112–4 (West 2008); *DiVincenzo*, 183 Ill. 2d at 254.

4

Generally, a defendant may not attack an indictment returned by a legally constituted grand jury. *DiVincenzo*, 183 Ill. 2d at 255; *Costello*, 350 U.S. at 363. In fact, courts have consistently rejected rules that would effectively turn grand jury proceedings into preliminary trials. *People v. Creque*, 72 Ill. 2d 515, 527-28 (1978); *People v. J.H.*, 136 Ill. 2d 1, 10 (1990) ("[i]nasmuch as the grand jury does not finally adjudicate guilt or innocence, it has traditionally been allowed to pursue its investigation unrestrained by the technical evidentiary and procedural restrictions applicable to a criminal trial"); *People v. Torres*, 245 Ill. App. 3d 297, 301-02 (1993) (rejecting a rule that would have required the State to present all exculpatory evidence it may have to the grand jury); *United States v. Dionisio*, 410 U.S. 1, 17 (1973) ("[a]ny holding that would saddle a grand jury with minitrials and preliminary showings would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws"); *United States v. Calandra*, 414 U.S. 338, 349-52 (1974) (declining to extend the exclusionary rule to grand jury proceedings).

However, an indictment can be dismissed based on either the grounds listed in section 114-1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114–1(a) (West 2008)) or prosecutorial misconduct. *People v. Fassler*, 153 Ill. 2d 49, 58 (1992). In the latter instance:

> "Prosecutorial misconduct must rise to the level of a deprivation of due process or a miscarriage of justice. [Citations.] The due process rights of a defendant may be violated if the prosecutor deliberately or intentionally misleads the grand jury, uses known perjured or false testimony, or presents other deceptive or inaccurate evidence. [Citations.] An indictment may also be dismissed where the prosecutor has applied undue pressure or coercion so that the indictment is, in effect, that of

5

the prosecutor rather than the grand jury. [Citation.] To warrant dismissal of the indictment, defendant must therefore show that the prosecutors prevented the grand jury from returning a meaningful indictment by misleading or coercing it." *DiVincenzo*, 183 Ill. 2d at 257-58.

In dismissing the indictment in this case, the circuit court found it significant that the State did not disclose the hearsay nature of Huntley's testimony. The court found Huntley's testimony to be unreliable, in part due to the fact that he contradicted himself with regard to which hand had been bitten.

It is well settled that the character of the evidence presented to the grand jury does not affect the validity of the indictment. *Fassler*, 153 Ill. 2d at 60; *Calandra*, 414 U.S. at 344-45. In fact, an indictment may be based solely upon hearsay. *Fassler*, 153 Ill. 2d at 60; *Costello*, 350 U.S. at 363. Generally, the prosecutor is under no duty to inform the grand jury that a witness's testimony constitutes hearsay. *Creque*, 72 Ill. 2d at 524; *People v. Pulgar*, 323 Ill. App. 3d 1001, 1010 (2001).

During the evidentiary hearing in this case on the defendant's motion, the circuit court agreed with the defendant that this case was controlled by *People v. Oliver*, 368 Ill. App. 3d 690, 698-99 (2006), in which the court held that a prosecutor engaged in misconduct at the grand jury proceedings by withholding the hearsay nature of a witness's testimony and thereby violated the defendant's due process rights. In so holding, the court stated:

> "[I]f the only defect in [the witness's] testimony were that its hearsay nature was concealed, we would be hard-pressed to determine that, had the grand juries known that the testimony was hearsay, they would not have indicted defendant.

6

However, as the trial court indicated, [the witness's] testimony was doubly deceptive. Not only was its hearsay nature concealed, but it also mischaracterized the observations of the actual eyewitness so as to establish probable cause where none existed. It is on this point that prejudice arises." *Oliver*, 368 Ill. App. 3d at 697.

It is important to recognize that *Oliver* does not stand for the proposition that a prejudicial deprivation of a defendant's due process rights always occurs when a prosecutor fails to disclose the hearsay nature of a witness's testimony to the grand jury. In fact, four years after the Second District decided *Oliver*, it recognized that a prosecutor is under no obligation to disclose the hearsay nature of a witness's testimony to the grand jury. *People v. Holmes*, 397 Ill. App. 3d 737, 742 (2010). Rather, *Oliver* stands for the proposition that the decision not to disclose the hearsay nature of a witness's testimony is problematic only when doing so would constitute prosecutorial misconduct. *Oliver*, 368 Ill. App. 3d at 698-99; see also *Holmes*, 397 Ill. App. 3d at 742; *cf. Torres*, 245 Ill. App. 3d at 301 ("[a]lthough the State has no general duty to present exculpatory evidence to the grand jury, we recognize the possibility that, under certain circumstances, a prosecutor's intentional withholding of such evidence could result in a denial of a defendant's right to due process"); *J.H.*, 136 Ill. 2d at 11 ("the exclusionary rule does not bar a grand jury's consideration of evidence illegally obtained, and use of such evidence does not, absent egregious prosecutorial misconduct, warrant dismissal of an indictment").

In this case, there is no indication from the transcript of the grand jury proceedings that the prosecutor engaged in misconduct by failing to disclose the hearsay nature of Huntley's testimony. Huntley made no statement that his testimony was based on personal observations, as

7

was the case in *Oliver*.  Neither the prosecutor's leading questions nor Huntley's simple answers attempted to convey that his testimony was based on personal observations.  The record does not evince an attempt by the prosecutor to mislead or deceive the grand jury in this regard.

In addition, the discrepancy regarding which hand had been bitten is not indicative of prosecutorial misconduct.  The defendant was charged with aggravated battery for biting an unspecified hand of a correctional officer, and the prosecutor presented some evidence related to the charge to the grand jury.  See *Holmes*, 397 Ill. App. 3d at 742-43 (holding that the prosecutor need not present evidence on every element of the charged offense; rather, all that is required is some evidence related to the charge).  Nothing in the transcript of the grand jury proceedings evinces an attempt by the prosecutor to mislead or deceive the grand jury in this regard.[1]

Further, neither Huntley's status as a detective nor the reliability of his testimony is a dispositive consideration in this case.  Indictments returned by a legally constituted grand jury are unassailable on the grounds that the indictment was based on inadequate or incompetent testimony.  *DiVincenzo*, 183 Ill. 2d at 255; *People v. Jones*, 19 Ill. 2d 37, 43 (1960) ("it is neither necessary nor proper, in ruling upon a motion to quash an indictment, to consider the evidence before the grand jury"); *Costello*, 350 U.S. at 363-64.  In fact, in the grand jury context, a person not disqualified by law from testifying is considered to be a competent witness, and his or her testimony is also considered to be competent.  *Jones*, 19 Ill. 2d at 42.  There is nothing in the

---

[1] Even if there had been something untoward about this discrepancy, we note that minor discrepancies in grand jury testimony are not prejudicial if they are insignificant to the grand jury's determination of probable cause.  *Mattis*, 367 Ill. App. 3d at 436-38; *Holmes*, 397 Ill. App. 3d at 742-43.

8

transcript from the grand jury proceedings to indicate that the prosecutor withheld Huntley's status as a detective to mislead or deceive the grand jury.

Under the circumstances of this case, we do not find the type of irregularity in the grand jury proceedings that would constitute a ground to invalidate the indictment. We agree with the circuit court that the prosecutor could have conducted the grand jury proceedings in a more careful manner. In addition, we share the court's concerns regarding the appropriate handling of witnesses presented to a grand jury. Nevertheless, the prosecutor's conduct in this case did not deprive the defendant of due process. See *DiVincenzo*, 183 Ill. 2d at 257-58. Accordingly, we hold that the prosecutor in fact presented the modicum of evidence necessary for this case to proceed to trial. See *Holmes*, 397 Ill. App. 3d at 744; *Costello*, 350 U.S. at 363.

For the foregoing reasons, we reverse the judgment of the circuit court of Kankakee County that dismissed the indictment and remand the cause for further proceedings.

Reversed and remanded.

JUSTICE HOLDRIDGE, specially concurring:

I agree with the result reached by the majority. I write separately to clarify the analysis that a court should apply when ruling on a motion to dismiss an indictment based upon a prosecutor's presentation of deceptive or inaccurate evidence to the grand jury. I also write to express my disapproval of the manner in which the State presented Detective Huntley's testimony during the grand jury proceedings in this case.

The majority appears to suggest that a prosecutor's presentation of deceptive information to the grand jury violates due process only if the deception is deliberate, *i.e.*, only if the prosecutor actually "attempt[s] *** to mislead or deceive" the grand jury. Slip op. at 8. I

9

disagree. Our supreme court has ruled that "[t]he due process rights of a defendant may be violated if the prosecutor deliberately or intentionally misleads the grand jury, uses known perjured or false testimony, *or presents other deceptive or inaccurate evidence*." (Emphasis added.) *People v. DiVincenzo*, 183 Ill. 2d 239, 257 (1998). Applying these standards, our appellate court has held that the State's presentation of deceptive evidence may violate due process "regardless whether the deception was intentional." *People v. Oliver*, 368 Ill. App. 3d 690, 696 (2006). Thus, even if the prosecutor did not deliberately attempt to deceive the grand jury in this case, a due process violation would result if Huntley's testimony created the false impression that he was an occurrence witness. See, *e.g.*, *Oliver*, 368 Ill. App. 3d at 695 (finding a due process violation where the witness "testified as if he were conveying his personal observations rather than those of someone else" even though he "did not explicity say" that he had personally observed the events in question); *cf. Creque*, 72 Ill. 2d at 524 (finding no due process violation where the grand jury "could not *** have thought from the investigator's [testimony] that he was relating his personal observations of the incident").

In my view, the presentation of Huntley's testimony came dangerously close to the line. The prosecutor did not identify Huntley as an investigator or ask him whether he had actually witnessed the events in question. Instead, he merely asked Huntley a series of leading questions which might well have conveyed the impression that Huntley was an occurrence witness, rather than a hearsay witness. The trial court correctly characterized this procedure as "sloppy" and recognized that it created unacceptable risks to the defendant's due process rights. These risks could have been easily avoided if the prosecutor had simply asked Huntley to state his occupation

10

and to explain the basis of his knowledge. I strongly encourage the State to follow this procedure in future cases.

Although I share the trial court's and my colleagues' concerns with the prosecutor's handling of the grand jury proceedings in this case, I agree with the result reached by the majority because the defendant failed to show "actual and substantial" prejudice under the rigorous standards imposed by our supreme court. In order to show prejudice sufficient to warrant the dismissal of an indictment, a defendant must show that the due process violation at issue "affected the grand jury's deliberations." *DiVincenzo*, 183 Ill. 2d at 257. This occurs only if the grand jury would not have indicted the defendant but for the violation. *Oliver*, 368 Ill. App. 3d at 696-97. In this case, the defendant failed to show that the grand jury would not have indicted him had it known that Huntley's testimony was hearsay. Moreover, although the defendant identifies some inconsistencies between Huntley's testimony and the police reports upon which he based his testimony, none of these inconsistencies "establish[ed] probable cause where none existed" or were otherwise relevant to the grand jury's determination of probable cause. *Oliver*, 368 Ill. App. 3d at 697. Even if all of the inconsistencies in Huntley's testimony are disregarded, the additional evidence before the grand jury—the accuracy of which is not disputed—was sufficient to support the indictment. See, *e.g.*, *People v. Hruza*, 312 Ill. App. 3d 319, 323 (2000).

However, this does not eliminate my concerns regarding the prosecutor's handling of the grand jury proceedings in this case. Because of the demanding standard imposed by our supreme court, it will always be extremely difficult for a defendant to show that a due process violation resulted in prejudice warranting dismissal of the indictment. However, this does not mean that we should countenance due process violations when they occur. To the contrary, such violations are

inexcusable and should be assiduously avoided. Although the State is generally not obligated to inform the grand jury that a witness's testimony constitutes hearsay (*People v. Holmes*, 397 Ill. App. 3d 737, 742 (2010)), a due process violation occurs if the testimony creates the false impression that the hearsay witness is testifying as an occurrence witness (*Oliver*, 368 Ill. App. 3d at 695). This amounts to the presentation of "deceptive or inaccurate evidence," which is prohibited. *DiVincenzo*, 183 Ill. 2d 239, 257. The State must take steps to ensure that such due process violations do not occur irrespective of their potential effect on the grand jury's decision to indict. I approve of the trial court's vigilance in this matter, and I strongly encourage prosecutors to disclose the basis of a hearsay witness's knowledge in future grand jury proceedings.