JUSTICE HOLDRIDGE, specially concurring: I agree with the result reached by the majority. I write separately to clarify the analysis that a court should apply when ruling on a motion to dismiss an indictment based upon a prosecutor’s presentation of deceptive or inaccurate evidence to the grand jury. I also write to express my disapproval of the manner in which the State presented Detective Huntley’s testimony during the grand jury proceedings in this case. The majority appears to suggest that a prosecutor’s presentation of deceptive information to the grand jury violates due process only if the deception is deliberate, i.e., only if the prosecutor actually “attempt[s] *** to mislead or deceive” the grand jury. 406 Ill. App. 3d at 1059. I disagree. Our supreme court has ruled that “[t]he due process rights of a defendant may be violated if the prosecutor deliberately or intentionally misleads the grand jury, uses known perjured or false testimony, or presents other deceptive or inaccurate evidence.” (Emphasis added.) People v. DiVincenzo, 183 Ill. 2d 239, 257 (1998). Applying these standards, our appellate court has held that the State’s presentation of deceptive evidence may violate due process “regardless whether the deception was intentional.” People v. Oliver, 368 Ill. App. 3d 690, 696 (2006). Thus, even if the prosecutor did not deliberately attempt to deceive the grand jury in this case, a due process violation would result if Huntley’s testimony created the false impression that he was an occurrence witness. See, e.g., Oliver, 368 Ill. App. 3d at 695 (finding a due process violation where the witness “testified as if he were conveying his personal observations rather than those of someone else” even though he “did not explicitly say” that he had personally observed the events in question); cf. Creque, 72 Ill. 2d at 524 (finding no due process violation where the grand jury “could not *** have thought from the investigator’s [testimony] that he was relating his personal observations of the incident”). In my view, the presentation of Huntley’s testimony came dangerously close to the line. The prosecutor did not identify Huntley as an investigator or ask him whether he had actually witnessed the events in question. Instead, he merely asked Huntley a series of leading questions which might well have conveyed the impression that Huntley was an occurrence witness, rather than a hearsay witness. The trial court correctly characterized this procedure as “sloppy” and recognized that it created unacceptable risks to the defendant’s due process rights. These risks could have been easily avoided if the prosecutor had simply asked Huntley to state his occupation and to explain the basis of his knowledge. I strongly encourage the State to follow this procedure in future cases. Although I share the trial court’s and my colleagues’ concerns with the prosecutor’s handling of the grand jury proceedings in this case, I agree with the result reached by the majority because the defendant failed to show “actual and substantial” prejudice under the rigorous standards imposed by our supreme court. In order to show prejudice sufficient to warrant the dismissal of an indictment, a defendant must show that the due process violation at issue “affected the grand jury’s deliberations.” DiVincenzo, 183 Ill. 2d at 257. This occurs only if the grand jury would not have indicted the defendant but for the violation. Oliver, 368 Ill. App. 3d at 696-97. In this case, the defendant failed to show that the grand jury would not have indicted him had it known that Huntley’s testimony was hearsay. Moreover, although the defendant identifies some inconsistencies between Huntley’s testimony and the police reports upon which he based his testimony, none of these inconsistencies “established] probable cause where none existed” or were otherwise relevant to the grand jury’s determination of probable cause. Oliver, 368 Ill. App. 3d at 697. Even if all of the inconsistencies in Huntley’s testimony are disregarded, the additional evidence before the grand jury — the accuracy of which is not disputed — was sufficient to support the indictment. See, e.g., People v. Hruza, 312 Ill. App. 3d 319, 323 (2000). However, this does not eliminate my concerns regarding the prosecutor’s handling of the grand jury proceedings in this case. Because of the demanding standard imposed by our supreme court, it will always be extremely difficult for a defendant to show that a due process violation resulted in prejudice warranting dismissal of the indictment. However, this does not mean that we should countenance due process violations when they occur. To the contrary, such violations are inexcusable and should be assiduously avoided. Although the State is generally not obligated to inform the grand jury that a witness’s testimony constitutes hearsay (People v. Holmes, 397 Ill. App. 3d 737, 742 (2010)), a due process violation occurs if the testimony creates the false impression that the hearsay witness is testifying as an occurrence witness (Oliver, 368 Ill. App. 3d at 695). This amounts to the presentation of “deceptive or inaccurate evidence,” which is prohibited. DiVincenzo, 183 Ill. 2d at 257. The State must take steps to ensure that such due process violations do not occur irrespective of their potential effect on the grand jury’s decision to indict. I approve of the trial court’s vigilance in this matter, and I strongly encourage prosecutors to disclose the basis of a hearsay witness’s knowledge in future grand jury proceedings.