**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 220396-U

Order filed February 5, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0396 Circuit No. 18-CM-1139 |
| DEANDRE M. DAVIS, | ) ) ) | Honorable Robert A. Miller, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE BRENNAN delivered the judgment of the court.
Presiding Justice McDade and Justice Holdridge concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   Counsel was not ineffective for failing to move for a mistrial.

¶ 2    Defendant, Deandre M. Davis, appeals from his conviction for resisting a peace officer, arguing his counsel was ineffective for failing to move for a mistrial after the State violated the order barring evidence of defendant's alleged theft. We affirm.

¶ 3                                I. BACKGROUND

¶ 4 Defendant was charged with retail theft (720 ILCS 5/16-25(a)(1) (West 2018)), resisting or obstructing a peace officer (*id.* § 31-1(a)), and being an intoxicated pedestrian on a roadway (625 ILCS 5/11-1010 (West 2018)). Defendant was alleged to have stolen beer from a 7-Eleven on May 26, 2018, and later, while officers were attempting to arrest him, he resisted by pulling his arm away. The retail theft and intoxicated pedestrian charges were dismissed prior to trial. Defendant filed a motion *in limine* requesting the State be barred from introducing evidence that defendant committed a theft from the 7-Eleven. At the hearing, defense counsel stated that he would stipulate that the officer's arrest of defendant was an authorized act within his official capacity. The State agreed that such a stipulation made the theft irrelevant. The court granted the motion.

¶ 5 The case proceeded to a six-person jury trial. As part of the preliminary instructions, the court instructed the jury to disregard questions, testimony, and exhibits which were withdrawn, had objections sustained, or were refused or stricken by the court.

¶ 6 Glendale Heights Police Officer James Cahill testified that he was on patrol the night of May 26, 2018. Cahill arrived at the 7-Eleven at approximately 11:10 p.m. to perform a "business check." Upon his arrival, the clerk and other individuals were standing outside. The following exchange then occurred between the prosecutor and Cahill:

"Q. Okay. And did they point out anyone to you?

A. Yes. They had told me that a male back—

Q. Without getting into the details of what they were pointing out or why they were pointing him out, were you, was there somebody there that you were looking for?

A. Yes, they had told me that someone had stolen some beer."

2

Defense counsel objected and the court sustained the objection. The court instructed the State to take Cahill out of the courtroom and explain the court's prior rulings to him. Defense counsel did not move for a mistrial or ask for a curative instruction.

¶ 7 Following the recess, Cahill continued with his testimony. Cahill began looking for defendant outside of the 7-Eleven and saw him crossing the street. Cahill told defendant to stop walking several times, but defendant did not. Defendant eventually stopped and turned toward Cahill. Cahill told defendant he was under arrest. Defendant turned and continued to walk away. Cahill put his hand on defendant's arm, which defendant pulled away. Defendant told Cahill to get off him and continued walking. Cahill called for additional officers who arrived shortly thereafter and confronted defendant outside a nearby strip mall. The officers continued to tell defendant he was under arrest and ordered him to stop. Defendant attempted to walk past an officer who grabbed his arm and shoved him against a wall. Defendant then "tensed up his arms" and began struggling. Defendant stated, "I can do what the fuck I want" while struggling. Eventually, the officers were able to bring defendant to the ground and handcuff him.

¶ 8 The arrest was recorded on a dash camera, which was played in court. The video does not contain audio. It showed several officers surrounding defendant outside of the strip mall. Defendant continued to walk back and forth as four officers approached him before he attempted to walk past one officer. The officer grabbed defendant's arm and pushed him against the wall. The other officers also grabbed defendant and forced him to the ground. The officers then continued to struggle with defendant for approximately three minutes before four officers lifted him off the ground and carried him to the squad car.

¶ 9 The State introduced testimony from another arresting officer, which was largely consistent with Cahill's. The State also submitted the stipulation between the parties that Cahill was engaged

3

in an authorized act within his official capacity at the time of the arrest. The State rested, and defendant moved for a directed verdict, which was denied. Defense counsel rested without presenting evidence. As part of the jury instructions, the court again instructed the jury to disregard questions and exhibits which were withdrawn or to which objections were sustained and testimony and exhibits which the court had refused or stricken. The jury found defendant guilty of resisting a peace officer, and the court sentenced him to 60 days in jail.

¶ 10                                        II. ANALYSIS

¶ 11        On appeal, defendant argues counsel was ineffective for failing to move for a mistrial after the State violated the court's *in limine* order barring evidence of the alleged theft from 7-Eleven. Where the circuit court made no determination as to the merits of the ineffective assistance of counsel claim, we employ *de novo* review. *People v. Tolefree*, 2011 IL App (1st) 100689, ¶ 25. Illinois courts review claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *People v. Wise*, 2019 IL App (2d) 160611, ¶ 51. Under *Strickland*, counsel renders ineffective assistance when (1) counsel's performance falls below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's deficient performance, the results of the proceedings would have had a different outcome. *Id.* "A defendant bears the burden of proof on both elements of this test ***." *People v. Burks*, 343 Ill. App. 3d 765, 775 (2003).

¶ 12        "To establish deficient performance, the defendant must overcome the strong presumption that counsel's action or inaction was the result of sound trial strategy." *Wise*, 2019 IL App (2d) 160611, ¶ 52. Actions that are considered matters of trial strategy are accorded great deference by reviewing courts. *People v. West*, 187 Ill. 2d 418, 432 (1999). "[E]ven if defense counsel makes a mistake in trial strategy or tactics or an error in judgment, this will not render representation

4

constitutionally defective." *People v. Perry*, 224 Ill. 2d 312, 355 (2007). Whether to move for a mistrial is generally a question of trial strategy. *People v. Segoviano*, 189 Ill. 2d 228, 248 (2000).

¶ 13    Here, following the violation of the court's *in limine* order, counsel immediately objected to the improper testimony. The court sustained the objection and instructed the State to speak to Cahill in the hall. The court had instructed the jury before the State presented evidence that it should disregard questions to which objections were made and that it should disregard refused testimony. These instructions were repeated when the jury was provided oral and written instructions before their deliberations. Thus, counsel could have reasonably believed that the jury would not consider the improper evidence. Defendant has therefore failed to establish counsel's decision not to seek a mistrial was objectively unreasonable.

¶ 14    Moreover, defendant cannot establish prejudice for counsel's failure to move for a mistrial. See *People v. Cherry*, 2016 IL 118728, ¶ 31 ("[A] defendant must establish both prongs of the *Strickland* test, such that the failure to establish either precludes a finding of ineffective assistance."). To establish prejudice, defendant is required to demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* When determining whether defendant was prejudiced by his counsel's failure to move for a mistrial, the issue is whether there is a reasonable probability that the circuit court would have granted the motion had counsel pursued such. See *People v. White*, 2011 IL App (1st) 092852, ¶ 76; *People v. Holmes*, 397 Ill. App. 3d 737, 741 (2010). The failure to file a motion does not amount to ineffective assistance if the motion would have been futile. *Holmes*, 397 Ill. App. 3d at 741.

¶ 15    A circuit court has broad discretion in determining whether to grant a mistrial. *People v. Hall*, 194 Ill. 2d 305, 341 (2000). Generally, a mistrial should only be declared as the result of "some occurrence at trial of such character and magnitude that the party seeking it is deprived of his right to a fair trial." *People v. Redd*, 135 Ill. 2d 252, 323 (1990). Violation of a court's *in limine* order will not automatically require a mistrial. See *Hall*, 194 Ill. 2d at 342 (a single question regarding a previous assault charge did not deprive defendant of a fair trial). While there are situations where an improper question is so damaging that the prejudicial effect cannot be cured, generally, the court can correct the error by sustaining a timely objection. *Id.*; see also *White*, 2011 IL App (1st) 092852, ¶ 77 ("[T]he Illinois Supreme Court, by its own assessment, 'repeatedly has held that the improper introduction of other-crimes evidence is harmless error when a defendant is neither prejudiced nor denied a fair trial based upon its admission.' " (quoting *People v. Nieves*, 193 Ill. 2d 513, 530 (2000))).

¶ 16    Here, defendant has not established that Cahill's testimony indicating that defendant had "stolen some beer" was of such magnitude that it could not be cured through the sustained objection and jury instructions. See *People v. Taylor*, 166 Ill. 2d 414, 438 (1995) ("The jury is presumed to follow the instructions that the court gives it."). The jury was informed Cahill arrived at the 7-Eleven searching for defendant and the parties stipulated Cahill's arrest of defendant was an authorized act within his official capacity. From this, the jury was aware defendant was subject to arrest for some reason.

¶ 17    Further, the jury was presented with ample evidence of defendant's guilt, none of which was impacted by the violation of the court's *in limine* order. See, *e.g.*, *People v. Brodack*, 296 Ill. App. 3d 71, 76-77 (1998) (the court did not err in refusing to grant a mistrial even if a testifying officer violated the *in limine* order regarding other crimes because of the overwhelming evidence

6

of defendant's guilt). Cahill testified at length regarding his attempts to arrest defendant, defendant's repeated refusal to stop, and defendant pulling his arm away from Cahill. Cahill and another officer testified about forcing defendant to the ground before struggling to handcuff him for several minutes. Finally, the video showed defendant's attempt to walk away from several fully uniformed officers before the officers were forced to bring defendant to the ground and struggled to handcuff him for nearly three full minutes. Defendant has therefore failed to establish he was prejudiced by counsel's failure to move for a mistrial. See *People v. McMahon*, 2011 IL App (4th) 100415-U, ¶ 29 ("It was not objectively unreasonable for counsel to object to the testimony and then seek an instruction that the jury disregard the remark. Moreover, requesting the drastic remedy of a mistrial would have been properly denied. Defendant cannot show he was prejudiced by the failure to request a mistrial, given the overwhelming evidence of his guilt.").

¶ 18                                        III. CONCLUSION

¶ 19          The judgment of the circuit court of Du Page County is affirmed.

¶ 20          Affirmed.

7