**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 230488-U

Order filed December 28, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-23-0488 Circuit No. 23-CF-801 |
| XAVIER MILLER, | ) ) | Honorable Daniel P. Guerin, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Albrecht concurred in the judgment.
Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*:   The court did not abuse its discretion in denying pretrial release.

¶ 2     The defendant, Xavier Miller, appeals from the order of the Du Page County circuit court

granting the State's petition to deny pretrial release.

¶ 3                                I. BACKGROUND

¶ 4          The defendant was arrested on April 14, 2023, and charged with burglary (Class 2) (720 ILCS 5/19-1(a) (West 2022)), retail theft exceeding $300 (Class 3) (*id.* § 16-25(a)(1)), two counts of aggravated fleeing and eluding a peace officer (Class 4) (625 ILCS 5/11-204.1(a)(1), (4) (West 2022)), and five counts of misdemeanor endangering the life or health of a child (720 ILCS 5/12C-5(a)(1) (West 2022)). The defendant's bail was initially set at $150,000, but he remained in pretrial detention. A felony indictment was filed on May 2, 2023, for burglary, retail theft, and aggravated fleeing and eluding charges.

¶ 5          On September 27, 2023, the State filed a verified petition to deny pretrial release, which was later amended, alleging the defendant was charged with a felony offense which involved the threat of or infliction of great bodily harm or permanent disability or disfigurement and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). The State also contended that he was charged with a felony offense other than a Class 4 and was a flight risk.

¶ 6          The factual basis provided in the petition stated that officers were outside T.J. Maxx when they observed a vehicle, who's registered owner had an outstanding warrant for shoplifting and battery. They observed the registered owner enter the passenger side of the vehicle. The vehicle drove off and disobeyed a traffic signal. An officer activated his lights and sirens, but the vehicle fled at a high rate of speed in a residential neighborhood and disobeyed four stop signs. Throughout the chase, the vehicle traveled 70 to 80 miles per hour in a 40 or 45 mile per hour zone. Ultimately, the vehicle sideswiped a school bus, lost control, and rear-ended another vehicle, which caused the airbags to deploy and one occupant to go to the hospital. Officers arrested the driver, the front seat passenger, and the defendant, who was in the backseat. Also inside the vehicle were five children

2

ranging in age from 2 months to 10 years old. Officers searched the vehicle and found items belonging to T.J. Maxx. Security cameras at T.J. Maxx depicted the defendant and a codefendant concealing over $1700 worth of merchandise and exiting the store without paying. When interviewed by police, the defendant "denied entering T.J. Maxx and claimed to have been going to court when 'all of a sudden' they were involved in a pursuit." The defendant's criminal history was listed as aggravated battery with a deadly weapon in 2020 and burglary in 2012.

¶ 7        The defendant's pretrial investigation report indicated that he lived in Chicago and worked at the Tyson meat factory. At the time of the offense, he was on probation for theft in Iowa. The defendant further had four active warrants for his arrest in Wisconsin and three in Iowa. The risk assessment indicated that he was a moderate risk, scoring a five out of nine.

¶ 8        A hearing was held on the petition on October 5, 2023. The State indicated that the defendant had filed a motion for pretrial release. However, defense counsel stated that she had not filed one. The case was set aside so the parties could discuss this. When they came back on the record, defense counsel stated that the State erroneously thought that she had filed a motion to vacate the monetary bond, and, when finding out defense counsel had not done so, intended to withdraw the petition. However, defense counsel spoke with the defendant and filed a motion to vacate the monetary bond that morning so the hearing on the State's petition could continue.

¶ 9        Defense counsel argued, *inter alia*, that the defendant had warrants dated April 13 and 27, 2023, but during this time, the defendant was in the Du Page County jail on the instant charges. The defendant had also spoken with the court in Iowa for those warrants and was offered probation, which he could resolve if he was released. The court noted that the defendant also had four active warrants in Wisconsin, which defense counsel had not addressed. Defense counsel stated that she was unaware of those warrants. The court granted the State's petition finding the State met its

burden by clear and convincing evidence. It stated that the proof and presumption was great that the defendant committed the offenses. It also found that the defendant was dangerous and had a high likelihood of willful flight, and there were no conditions that would mitigate this.

¶ 10                                                    II. ANALYSIS

¶ 11         On appeal, the defendant contends that the court abused its discretion in granting the petition to detain. He challenges each of the court's findings. We consider factual findings for the manifest weight of the evidence (*People v. $280,020 in United States Currency*, 2013 IL App (1st) 111820, ¶ 18), but the ultimate decision to grant the State's petition to detain is considered for an abuse of discretion (*People v. Inman*, 2023 IL App (4th) 230864, ¶ 10). Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that the defendant committed a detainable offense, (2) the defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e).

¶ 12         We find the court did not err in granting the petition. First, the defendant was indicted on all the felony offenses initially charged here, thus showing that the proof was evident that the defendant committed the crimes charged. See *People v. Sampson*, 406 Ill. App. 3d 1054, 1057-58 (2011). Second, the defendant had seven outstanding warrants against him, in multiple states. Though defense counsel explained that the three warrants in Iowa were issued while he was in the Du Page County jail, she did not address the other arrest warrants in Wisconsin. Considering this evidence, the court did not err in finding that the defendant had high likelihood of willful flight. As we find that the court did not err in finding the defendant a flight risk, we need not consider his

4

dangerousness, as only a finding of one or the other is required. Third, we cannot say the court erred in finding there were no conditions that would mitigate this flight risk. While the defendant argues that global positioning system monitoring would have been an option, this would not have secured the defendant's appearance.

¶ 13　　　In coming to this conclusion, we further reject the defendant's contention that the State's petition was untimely. We have previously addressed this issue in *People v. Kurzeja*, 2023 IL App (3d) 230434, ¶ 14, and stand by our analysis in that case.

¶ 14　　　　　　　　　　　　　　　　　III. CONCLUSION

¶ 15　　　The judgment of the circuit court of Du Page County is affirmed.

¶ 16　　　Affirmed.

¶ 17　　　JUSTICE McDADE, dissenting:

¶ 18　　　In this case, defendant challenged the trial court's findings that it was evident that he committed the crimes, that he was dangerous, that he posed a flight risk, and that there were no conditions of pretrial release that would mitigate his danger to others or the risk of his flight. The majority finds no error and affirms the denial of defendant's pretrial release.

¶ 19　　　On the State's first required showing, the majority finds its burden satisfied because of the sole fact of defendant having been indicted. I do not accept that finding, but I would find that factor satisfied because his shoplifting was captured on tape.

¶ 20　　　On the second element, the majority finds no error in the court's finding that defendant was a flight risk after "considering the evidence," presumably of seven outstanding warrants and a wild car chase from T.J. Maxx after the shoplifting event. Significantly, however, the majority's validation was apparently based on *defense counsel's* failure to counter the court's reliance on the mere existence of outstanding warrants and on a reckless high-speed flight undertaken by a driver

5

who was *not* the defendant and continued over the defendant's continuing vocal objections. Under these circumstances, I do not agree that defendant was proven to be a flight risk.

¶ 21 Finally, the majority finds no error in the court's conclusion that there were no conditions of release that would mitigate the risk of defendant's flight. It does not validate the ruling on the basis of an argument that there were no conditions that would mitigate the risk of defendant's flight; indeed, the State made no such argument at the hearing and presented no evidence in that regard. Rather, this court states, "[w]hile the defendant argues that global positioning system monitoring would have been an option, this would not have secured the defendant's appearance." *Supra* ¶ 12. There are three problems with this unexplained conclusion: (1) *defendant* carries no burden under the statute, (2) the statute does not require the elimination of any possibility that defendant will not appear for trial, but only the mitigation or reduction of that possibility, and (3) the State presented no evidence at the hearing on its burden to prove that no conditions or combination thereof could be placed on defendant's release to mitigate either his danger to others or the risk of his flight.

¶ 22 For the foregoing reasons, I dissent from the reasoning and decision of the majority affirming the trial court's decision to deny defendant pretrial release.