NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240612-U

NO. 4-24-0612

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 12, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellant, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| MARCUS ANTONIO COPELAND JR., | ) | No. 24CF451 |
| Defendant-Appellee. | ) | |
| | ) | Honorable |
| | ) | Debra D. Schafer, |
| | ) | Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Knecht concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the trial court's order denying the State's petition for pretrial detention was not an abuse of discretion.

¶ 2    The State appeals the trial court's order denying its petition to deny defendant, Marcus Antonio Copeland Jr., pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), which was recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). We affirm.

¶ 3                              I. BACKGROUND

¶ 4    On March 8, 2024, a grand jury returned three bills of indictment against defendant for the following offenses: first degree murder (720 ILCS 5/9-1(a)(2) (West 2022)), aggravated battery (*id.* § 12-3.05(e)(1)), and aggravated discharge of a firearm (*id.* § 24-

1.2(a)(2)). The charges alleged that in February 2023, defendant and two codefendants, while armed with a firearm, "performed acts which caused the death of Joshua Ewing, in that the defendants, or one for whose conduct they are legally responsible, shot at Joshua Ewing, knowing that such acts create a strong probability of death or great bodily harm."

¶ 5        On March 23, 2024, the State filed a verified petition seeking to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)).

¶ 6        On March 25, 2024, the trial court conducted a detention hearing. The State began by submitting the 47-page report of Detective Nolan Walker that detailed the year-long investigation he conducted into the shooting death of Ewing. The report was a summary of the investigative steps taken, witnesses interviewed, and physical evidence recovered during the course of the murder investigation. The State then orally presented the most relevant information from that report as its proffer for why defendant should be denied pretrial release.

¶ 7        In response, defense counsel noted that defendant was "barely mentioned in the entirety of the proffer." Counsel stated, "While the charges do pass probable cause, there is no direct involvement of my client's involvement even from the proffer offered by the State presently before the Court." Based on the "rather slender" evidence of defendant's participation, counsel focused on defendant's lack of criminal history, his ties to the community, and the conditions of release that would ensure the safety of the community. The trial court asked the State why no set of conditions could be imposed that would allow defendant to be released, and the State answered by pointing out the shooting occurred during daylight hours on a public road, which resulted not only in Ewing's death but also a four-car accident after Ewing was shot while driving.

¶ 8    After hearing the proffers and arguments of the State and defense counsel, the trial court took a brief recess to review Walker's report. When the case was recalled, the court gave its ruling, stating as follows:

"I've considered the arguments of counsel, the evidence that's been presented, the proffers, the pretrial service report, risk assessments, and the defendant's criminal history. I have a lot of concerns about this. It is a circumstantial link. There are no allegations that [defendant] made any statements relating to this. There are some veiled statements by codefendant pointing fingers in the direction of [defendant]. There is probable cause. I can't find at this time that there's clear and convincing evidence and consequently I have to release him. That is as a result of this offense and what I'm being held to. So that concerns me a lot, [defendant], because there's probable cause but the findings that I'm required to make, I don't feel that I can make at this time. You, however, are going to have to follow some fairly strict requirements."

¶ 9    The trial court then detailed the conditions of release it was imposing on defendant.

¶ 10    This appeal followed.

¶ 11                               II. ANALYSIS

¶ 12    The State appeals, primarily arguing that the trial court erred by ruling that the State had not proved defendant's commission of a detainable offense by clear and convincing evidence despite finding probable cause. In support of its argument, the State relies on the special concurrence in *People v. Townes*, 2024 IL App (4th) 231274-U, ¶¶ 41-57 (DeArmond, J., concurring), in which our distinguished colleague thoughtfully explained why he would have

held that section 110-6.1(e) of the Code (725 ILCS 5/110-6.1(e) (West 2022)) requires only a showing of probable cause by the State that a defendant committed a detainable offense. The special concurrence interpreted the clear and convincing standard mentioned in that section as applying only to whether the offense was detainable. *Townes*, 2024 IL App (4th) 231274-U, ¶ 48.

¶ 13 This court recently stated the applicable law and standard of review for detention decisions under the Act in *People v. Minssen*, 2024 IL App (4th) 231198, ¶ 17, in which we wrote the following:

> "On appeal following a detention hearing, we apply the abuse-of-discretion standard of review to the trial court's evaluation of the evidence presented. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. However, '[w]e review issues of statutory construction *de novo*.' *People v. Jones*, 2023 IL App (4th) 230837, ¶ 13. Our objective when interpreting a statute is to ascertain and effectuate the legislature's intent. *Jones*, 2023 IL App (4th) 230837, ¶ 13. In construing a statute, 'we "may consider the reason and necessity for the law, the evils it was intended to remedy, and its ultimate aims." ' *Jones*, 2023 IL App (4th) 230837, ¶ 13 (quoting *People v. Taylor*, 2023 IL 128316, ¶ 45). Although the most reliable indication of legislative intent is the plain and ordinary meaning of the statute's language, we view the statute in its entirety. *Jones*, 2023 IL App (4th) 230837, ¶ 13."

¶ 14 Section 110-6.1(e)(1) of the Code provides that "[a]ll defendants shall be presumed eligible for pretrial release, and the State shall bear the burden of proving by clear and

convincing evidence that: *** the proof is evidence or the presumption great that the defendant has committed an offense listed in subsection (a)." 725 ILCS 5/110-6.1(e)(1) (West 2022).

¶ 15 Although we believe the special concurrence of our distinguished colleague presents a thoughtful analysis and interpretation of section 110-6.1(e), we ultimately conclude that (1) the plain language of subsection (e) requires the State to present clear and convincing evidence that "the proof is evident or the presumption great that the defendant has committed" a detainable offense (*id.*) and (2) this standard is higher than the probable cause standard mentioned in subsection (b) (*id.* § 110-6.1(b)). See *Minssen*, 2024 IL App (4th) 231198, ¶ 21 (" 'Where the legislature uses certain words in one instance and different words in another, different results were intended.' ") (quoting *People v. Williams*, 335 Ill. App. 3d 596, 599-600 (2002)). Accordingly, we conclude that the trial court did not apply an incorrect burden of proof at the detention hearing.

¶ 16 In addition to challenging the burden of proof applied by the trial court, the State also briefly contends that the court abused its discretion by ordering the defendant released on conditions. However, the record demonstrates that the court was very concerned about this case and made a careful, individualized assessment of defendant and the necessary conditions of his release. Accordingly, we conclude that the court appropriately exercised its discretion when denying the State's petition to detain.

¶ 17 Finally, the State filed a motion to extend the deadline for a decision from this court pursuant to Illinois Supreme Court Rule 604(h)(8) (eff. Apr. 15, 2024), and we took that motion with the case. We now deny that motion as moot.

¶ 18 III. CONCLUSION

¶ 19 For the reasons stated, we affirm the trial court's judgment.

¶ 20        Affirmed.